IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**JESS LEE GREEN**                                                **PETITIONER**

**V.**                                      **CIVIL ACTION NO. 1:18CV180 HSO-LRA**

**JACQUELYN BANKS**                                          **RESPONDENT**

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Petitioner Jess Green filed a petition for writ of habeas corpus relief on May 29, 2018. Respondent Jacquelyn Banks has filed an Answer asserting that the petition is time-barred pursuant to 28 U.S.C. § 2244(d) under the Antiterrorism and Effective Death Penalty Act of 1996. Alternatively, Respondent argues that Petitioner's claims are unexhausted. As a thorough review of the record supports the Respondent's contentions that the petition is untimely, the Court recommends that the petition be dismissed on this basis.

On November 10, 2008, Green was sentenced in the Circuit Court of Jackson County, Mississippi, pursuant to a guilty plea in Cause No. 2007-11,197(3), on two counts of kidnapping, two counts of sexual battery, and one count of armed robbery of a woman and her sixth-month old daughter. That same day, he was also sentenced pursuant to a guilty plea to one count of kidnapping, one count of armed robbery, and one count of attempted sexual battery of another woman in Cause No. 2007-11,198(3). He

was sentenced to serve a term of 30 years on each count, in the custody of the Mississippi Department of Corrections, with the sentences ordered to run concurrently.[1]

On July 27, 2015, nearly seven years later, Green filed a motion for post-conviction collateral relief (signed July 22, 2015) in Jackson County Circuit Court challenging his conviction and sentence in Cause No. 2007 – 11,197(3).[2] The circuit court denied the motion on June 30, 2016, with the exception of one claim, and dismissed the remaining claim on July 25, 2016, after considering additional briefing from the State. The Mississippi Court of Appeals affirmed the denial on September 19, 2017. *Green v. State*, 242 So.3d 176 (Miss. Ct. App. 2017) *reh'g denied*, February 6, 2018, *cert. denied*, May 10, 2018. On May 29, 2018, Green filed the instant petition seeking federal habeas corpus relief challenging his conviction in Cause No. 2007-11,197(3). That same day, he also filed a federal petition seeking habeas corpus relief from his conviction in Cause No. 2007-11,198(3). That petition was dismissed on November 26, 2018. *Green v. Banks*, No. 1:18CV181 LG-MTP (S.D. Miss. May 29, 2018).

The Antiterrorism and Effective Death Penalty Act (AEDPA) imposes a one-year statute of limitations on state prisoners filing a federal habeas petition. Under 28 U.S.C. § 2244(d)(1), AEDPA provides that the statute of limitations shall run from the latest of:

>(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[1] ECF No. 6-1— 6-7.

[2] ECF No. 5-1, pp. 9-44.

2

>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (d)(1)(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2). Thus, unless the narrow exceptions of § 2244(d)(1)(B)-(D) apply, a federal habeas petition must be filed within one year of the final judgment of the defendant's conviction, subject to tolling for the period when a properly filed motion for post-conviction relief is pending in state court. *See Madden v. Thaler,* 521 F. App'x 316 (5th Cir. 2013). AEDPA's statute of limitations period may also be equitably tolled if a petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotations and citations omitted); *see also Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (equitable tolling may apply to extend the one-year statute of limitations period, but only in rare and exceptional circumstances).

Mississippi law prohibits prisoners who plead guilty from directly appealing to the Mississippi Supreme Court.[3] Green's conviction therefore became final not later than November 10, 2008, the date his sentencing order was filed. To toll the statute of limitations, he was required to file a motion for post-conviction collateral relief in state court on or before November 10, 2009. However, because he did not file his motion for post-conviction relief prior to that date, AEDPA's one-year statute of limitations ran uninterrupted. *See Villegas v. Johnson*, 184 F.3d 467, 472 (5th Cir. 1999) (expired limitations period cannot be revived by filing a state habeas petition). Absent statutory or equitable tolling, his federal habeas petition filed on May 29, 2018, is untimely.

Green does not deny that his petition is untimely. He argues that he is entitled to additional tolling due to mental incompetency, inadequate access to legal materials, diligence, and his actual innocence. Even if the Court were to accept Green's contention that his ability to pursue habeas relief was impeded by these factors, he has not established that these factors, either alone or in combination, were the cause of his delay rather than his lack of diligence.

---

[3] Notwithstanding the statutory prohibition, the Mississippi Supreme Court has historically carved out an exception permitting appeals from a guilty plea within 30 days for challenges to the legality of the sentence. *See Sanders v. Cabana*, 2:04CV273 P-A, 2005 WL 1240784 (N.D. Miss. May 19, 2005). Miss. Code Ann. § 99-35-101 (Supp. 2009)[3] has now been amended to expressly prohibit appeals when the defendant enters a plea of guilty. As a result, state courts no longer apply the 30-day exception to guilty pleas entered after July 1, 2008, the effective date of the amendment. *See Seal v. State*, 38 So. 3d 635, 638 (Miss. Ct. App. 2010); *Burroughs v. State,* 9 So.3d 368, 374 (Miss. 2009) (noting that guilty pleas entered prior to the 2008 amendment should be analyzed in accordance with the court's interpretation of this section as it existed). Green pled guilty on November 10, 2008.

4

First, the only support Green provides for his contention that his mental impairments hindered his ability to timely file his federal habeas petition are excerpts from his state court motion for post-conviction relief. *Robinson v. Johnson*, No. 99–40291, 2000 WL 821450, at *1 (5th Cir. May 31, 2000) (per curiam) (unpublished) ("Robinson was clearly not prevented by his mental state from seeking state post-conviction remedies."). Therein, Green asserts that because he required psychiatric treatment and medication both as a child, and again in 2009, 2011, and 2013, he was not mentally competent to plead guilty.

While a mental impairment "*may* toll AEDPA's statute of limitations, it does not do so as a matter of right." *Smith v. Kelly*, 301 F.App'x 375, 377 (5th Cir. 2008) (emphasis in original). To warrant equitable tolling, a petitioner has the burden of showing that a physical or mental injury rendered him unable to pursue his legal rights during the relevant limitations period. Mere allegations are insufficient. Even then, equitable tolling "will not be applied where the applicant failed to diligently pursue relief under § 2254 . . ." *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002).

Green has made no such showing here. Despite his claims of incompetency, the sentencing court found that his guilty plea was knowingly, intelligently, and voluntarily made. Also, Green acknowledges in his state post-conviction motion that he received medication at various times following his conviction. As Respondent points out, he fails to establish that, while medicated, he was unable to timely seek collateral review. Further, the undersigned notes that by Green's own admission, he "has NOT required

5

psychiatric treatment or medication since the summer of 2014 . . . ."[4]  Yet, he did not file his state post-conviction motion until July 2015.  Although Green maintains he delayed filing because his claims were unexhausted, he does not explain why he failed to file a protective federal petition *pro se* requesting that federal proceedings be stayed while he pursued state court remedies.  *Pace v. DiGuglielmo*, 544 U.S. 408, 416-17 (2005); *Madden v. Thaler*, 521 F. App'x. 316, 321 (5th Cir. 2013).

    Next, Green claims that he is entitled to equitable tolling because he was unable to obtain his case file from his trial counsel until 2015, after filing a bar complaint.  Once he obtained his file, Green asserts that he then had to exhaust his state court remedies before seeking federal relief.  However, while "attorney abandonment can qualify as an extraordinary circumstance for equitable tolling purposes, [it] does not, by itself, excuse the petitioner from his duty of diligence."  *Manning v. Epps*, 688 F.3d 177, 189, n. 2 (5th Cir. 2012).  Petitioners must exercise due diligence "even when they receive inadequate legal representation."  *Id.* at 185.  Green does not explain why he failed to file a "protective federal petition preserving his federal remedies until his state remedies had been exhausted."  *Palacios v. Stephens*, 723 F.3d 600, 607 (5th Cir. 2013).

    Green also argues that equitable tolling is warranted because he had inadequate access to legal assistance.  Not until he met his "lay advocate/writ writer" does Green claim he had "true access to any legal materials aside from paper, pen, and forms."

---

[4] ECF No. 12-1, p. 3 (emphasis in original).

However, the Fifth Circuit has repeatedly held that the inability to obtain research materials, an inadequate law library, ignorance of the law, or being pro se, are not "rare and exceptional" circumstances that warrant equitable tolling of the AEDPA limitations period. *See Scott v. Johnson*, 227 F.3d 260, 263 & n. 3 (5th Cir. 2000); *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000); *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999).

Further, every inmate in the custody of the Mississippi Department of Corrections has access to legal assistance, case law and other legal materials through the Inmate Legal Assistance Program, which was substituted for hardback libraries in 1997. *See Neal v. Bradley*, 2006 WL 2796404 (N.D. Miss. Sept. 25, 2006) (referencing the affidavit of Gia N. McLeod, Director of the ILAP). Through ILAP, inmates have the ability to submit a research request of any issues relevant to challenging his conviction and sentence. They also receive a post-conviction packet containing an overview of federal habeas, "including a discussion of the one-year statute of limitations period of AEDPA" upon request. *Id.*

Lastly, Green maintains that he is actually innocent of the underlying conviction. However, actual innocence itself is not a free-standing ground for habeas corpus relief. *Reed v. Stephens*, 739 F.3d 753, 766 (5th Cir. 2014); *Foster v. Quarterman*, 466 F.3d 359, 367 (5th Cir. 2006). Actual innocence claims provide only "a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." *Herrera v. Collins*, 506 U.S. 390, 404 (1993). To open the gateway to federal habeas review, a petitioner must: (1) present "new reliable

evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence"; (2) "that was not presented at trial"; and (3) must show, that in light of this new evidence, "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *House v. Bell*, 547 U.S. 518, 537 (2006), *citing Schlup v. Delo,* 513 U.S. 298, 329 (1995).

Green has not met this high burden here. Apart from asserting his innocence, he has not presented any new, reliable evidence to this Court to demonstrate more likely than not that a reasonable juror would not have convicted him had his actual innocence claims been presented at trial. Nor has he shown that no reasonable juror would have convicted him based on "all of the evidence, old and new, incriminating and exculpatory, without regard to whether it would necessarily be admitted under rules of admissibility that would govern at trial." *Stephens*, 739 F.3d 763, 767. Moreover, in addition to his guilty plea, the victim identified Green as her assailant. She also testified as to how the crimes had impacted both her and her daughter at the sentencing hearing.

The Court is mindful that Green was not required to use "maximum feasible diligence" to warrant equitable tolling. *Holland*, 560 U.S. 653. No obstacle, alone or in combination, however, actually prevented Green from timely filing a habeas petition. None of AEDPA's other statutory exceptions are alleged, nor are they applicable, and none of Petitioner's remaining arguments are relevant to the timeliness of his federal habeas petition. In the absence of any evidence warranting statutory or equitable tolling, the Court finds Petitioner's habeas petition is time-barred by 28 U.S.C. § 2244(d)(1)(A)

and should be dismissed with prejudice.  Because the Court so finds, it need not reach the issue of exhaustion.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3) of the *Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi*, any party within 14 days after being served with a copy of this Report and Recommendation, may serve and file written objections.  Within 7 days of the service of the objection, the opposing party must either serve and file a response or notify the District Judge that he or she does not intend to respond to the objection.

The parties are hereby notified that failure to file timely written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. § 636, Fed. R. Civ. P. 72(b); *Douglas v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted on January 28, 2019.

s/ Linda R. Anderson  
UNITED STATES MAGISTRATE JUDGE