# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**JESS LEE GREEN, #144724**                                                   **PETITIONER**

**v.**                                                       **Civil No. 1:18cv180-HSO-LRA**

**JACQUELYN BANKS, Superintendent**                               **RESPONDENT**

## MEMORANDUM OPINION AND ORDER OVERRULING PETITIONER'S [17] OBJECTIONS; ADOPTING MAGISTRATE JUDGE'S [15] REPORT AND RECOMMENDATION; GRANTING RESPONDENT'S [6] MOTION TO DISMISS; AND DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITH PREJUDICE

This matter is before the Court on Petitioner Jess Lee Green's Objections [17] to the Report and Recommendation [15] of United States Magistrate Judge Linda R. Anderson and Respondent Jacquelyn Banks' Motion to Dismiss [6]. After thoroughly reviewing Petitioner's Objections [17], the Magistrate Judge's Report and Recommendation [15], Respondent's Motion to Dismiss [6], related pleadings, the record as a whole, and relevant legal authority, the Court concludes that Petitioner's Objections [17] should be overruled, that the Magistrate Judge's Report and Recommendation [15] should be adopted as the finding of the Court, and that Respondent's Motion to Dismiss [6] should be granted. Petitioner Jess Lee Green's 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus should be dismissed with prejudice.

I. BACKGROUND

A. State court proceedings

On August 4, 2008, Petitioner Jess Lee Green ("Petitioner" or "Green") entered guilty pleas on charges filed against him in two separate criminal cases in the Circuit Court of Jackson County, Mississippi. *See* Order [6-1] at 1-2; *Green v. State*, No. 2017-CP-01285-COA, 2019 WL 667866 (Miss. Ct. App. Feb. 19, 2019); *see also Green v. State*, 242 So. 3d 176, 178 (Miss. Ct. App. 2017), *reh'g denied* (Feb. 6, 2018), *cert. denied*, 246 So. 3d 68 (Miss. 2018). On each of the five counts in the first case, number 2007-11,197(3), and on each of the three counts in the second case, number 2007-11,198(3), the trial court sentenced Petitioner to serve a term of imprisonment of thirty (30) years in the custody of the Mississippi Department of Corrections, to be served concurrently with each other and without the possibility of parole or early release. Order [6-1] at 1-2. The Sentencing Order was filed November 10, 2008. *Id.* at 1.

On or about July 27, 2015, nearly seven years after he entered his guilty pleas, Petitioner filed in the Jackson County Circuit Court a petition for post-conviction collateral relief pertaining to both criminal cases. *See* R. [5-1] at 9-38.[1] On June 30, 2016, the State court entered an Order dismissing Green's Petition in part and requiring that the State provide the Court "with information and/or documentation as to the nature of the 'trace evidence' attempted to be collected [in

---

[1] Green signed the State court petition on or about July 22, 2015. *See* R. [5-1] at 37.

one of the] assault case[s] . . . ." R. [5-3] at 76.  After the State responded indicating that there was no such evidence actually collected, *see id.* at 77, the State court entered a Final Judgment of Dismissal on July 8, 2016, denying the remaining claim asserted by Green, *id.* at 88.  Petitioner appealed the dismissal, and the Mississippi Court of Appeals affirmed.  The Court of Appeals denied rehearing on February 6, 2018, and the Mississippi Supreme Court denied Petitioner's petition for writ of certiorari on May 10, 2018.  *Green v. State,* 242 So. 3d 176, 181 (Miss. Ct. App. 2017), *reh'g denied* (Feb. 6, 2018), *cert. denied,* 246 So. 3d 68 (Miss. 2018).

B.  Section 2254 Petition

On May 22, 2018, Petitioner signed and placed a Petition for Writ of Habeas Corpus [1] in the prison mailing system, which was received by the Clerk of Court and filed on May 29, 2018.  *See* Pet. [1] at 1-15.  The Petition in this case relates to the five charges to which Petitioner pled guilty in the first of his criminal cases, number 2007-11,197(3).  *See id.*[2]

Respondent filed a Motion [6] to Dismiss, arguing that the Petition was not timely filed under 28 U.S.C. § 2244(d), such that it should be dismissed with prejudice.  Mot. [6] at 1-7.  Alternatively, Respondent asserted that the Court should dismiss the Petition for failure to exhaust available State court remedies.

---

[2] On or about May 22, 2018, Petitioner filed a separate petition for writ of habeas corpus in this Court related to his conviction on three counts in his second case, number 2007-11,198(3).  *See Green v. Banks,* No. 1:18cv181-LG-MTP, 2018 WL 6169223, at *1 (S.D. Miss. Nov. 26, 2018).  The Court dismissed that petition with prejudice as untimely.  *See id.* at *3.  Petitioner appealed, and his appeal remains pending in the United States Court of Appeals for the Fifth Circuit.  *See Green v. Errington,* No. 18-60846 (5th Cir. 2018).

-3-

*Id*. at 7-9.

The Magistrate Judge entered a Report and Recommendation [15] on January 28, 2019, concluding that the Petition was time-barred by 28 U.S.C. § 2244(d)(1)(A), and that Petitioner had not presented any evidence warranting the application of statutory or equitable tolling. *See* R. & R. [15] at 8. The Magistrate Judge recommended that the Petition be dismissed with prejudice. *Id*. at 8-9.

Petitioner has submitted Objections [17] to the Report and Recommendation [15], arguing that he is entitled to equitable tolling of the statute of limitations, such that his Petition should be deemed timely. Objs. [17] at 1-4. Respondent has filed a Response [18] to Petitioner's Objections [17], contending that the Petition "was filed almost eight and a half (8 ½) years too late," Resp. [18] at 1, and that Petitioner "provides no 'rare and exceptional' circumstance to warrant equitable tolling," *id*. at 7. Respondent maintains that Petitioner's Objections [17] should be overruled, that the Magistrate Judge's Report and Recommendation [15] should be adopted, and that the Petition should be dismissed with prejudice. *Id*.

## II. DISCUSSION

A. Standard of review

Because Petitioner has filed written Objections to the Magistrate Judge's Report and Recommendation [15], the Court "make[s] a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Rule 8(b) of Rules Governing Section 2254 Cases in the United States District Courts. Under a de

-4-

novo review, the district court makes its "own determination based upon the record and unrestrained by the findings and conclusions of the magistrate." *United States v. Wilson*, 864 F.2d 1219, 1222 (5th Cir. 1989); *see also, e.g., Lambert v. Denmark*, Civil No. 2:12-cv-74-KS-MTP, 2013 WL 786356, *1 (S.D. Miss. Mar. 1, 2013) ("Such review means that this Court will examine the entire record and will make an independent assessment of the law."). In conducting a de novo review, the Court is not "required to reiterate the findings and conclusions of the magistrate judge." *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993).

Having conducted a de novo review of the record, the Court agrees with the conclusions reached by the Magistrate Judge and will adopt the Report and Recommendation [15].

B.  Relevant Legal Authority

28 U.S.C. § 2244(d) provides that

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
 (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
 (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
 (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
 (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

C. Analysis

Petitioner pleaded guilty to all five counts in State court and was sentenced on or about October 31, 2008. Order [6-1] at 1-2. The Sentencing Order was filed November 10, 2008. *Id.* at 1. Under Mississippi law, following entry of a guilty plea, a direct appeal is not permitted. *See* Miss. Code Ann. § 99-35-101.[3] Petitioner's conviction therefore became final on November 10, 2008. In the absence of a "properly filed" application in State court for post-conviction or other collateral review, § 2244(d)(2) does not statutorily toll the limitations period. *See* 28 U.S.C. § 2244(d). Unless there is some other basis for tolling prior to November 10, 2009, the statute of limitations to file a federal habeas petition expired on that date pursuant to 28 U.S.C. § 2244(d)(1)(A).

The record reflects that Petitioner did not sign a petition for post-conviction collateral relief in State court until July 22, 2015, *see* R. [5-1] at 37, which was stamped filed by the court on July 27, 2015, *id.* at 9. This petition was not signed until nearly six years after the federal one-year statute of limitations had run. Unless some basis exists to toll the limitations period, Green's present Petition is

---

[3] This statute provides that "[a]ny person convicted of an offense in a circuit court may appeal to the Supreme Court. However, where the defendant enters a plea of guilty and is sentenced, then no appeal from the circuit court to the Supreme Court shall be allowed." Miss. Code Ann. § 99-35-101.

time-barred. Petitioner contends in his Response [12] to the Motion to Dismiss and in his Objections [17] that equitable tolling applies.

1. Statutory Tolling

Tolling under § 2244(d)(2) only excludes "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ." 28 U.S.C. § 2244(d)(2). Because Petitioner's State-court petition for post-conviction relief was not filed until after § 2244(d)'s one-year statute of limitations had expired in 2009, it did not toll the limitations period. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (holding that a petitioner's "state habeas application did not toll the limitation period under § 2244(d)(2) because it was not filed until *after* the period of limitation had expired" (emphasis in original)).

The Magistrate Judge determined that statutory tolling under § 2244(d)(2) did not apply, and Petitioner has not specifically objected to that finding in his Objections [17]. The Court agrees that § 2244(d)(2) is inapplicable here.

2. Equitable Tolling

A petitioner is entitled to equitable tolling of the limitations period in § 2244(d) only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing of his petition. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Such tolling is available only in "rare and exceptional circumstances." *Clark v. Davis*, 850 F.3d 770, 784 (5th Cir.), *cert. denied*, 138 S. Ct. 358 (2017) (quotation omitted). A

petitioner bears the burden of establishing that equitable tolling is warranted. *Hardy v. Quarterman*, 577 F.3d 596, 598 (5th Cir. 2009).

Petitioner argues in his Objections [17] that his mental impairment, inadequate access to his case files, and inadequate access to legal materials and a law library warrant equitable tolling. He further contends that his actual innocence serves as a gateway for his time-barred claims to be heard on the merits. Objs. [17] at 1-4. Respondent counters that it agrees with the Magistrate Judge's findings that Petitioner has failed to show how any alleged mental impairment prevented him from timely seeking federal habeas relief or would otherwise serve as a basis for equitable tolling, Resp. [18] at 2-4, and that Petitioner's claims pertaining to access to his case files and legal materials are not sufficiently "rare and exceptional" to warrant equitable tolling, *id.* at 4-5. Finally, Respondent maintains that the Magistrate Judge correctly found that Petitioner "failed to meet the high burden necessary to prove that he is actually innocent." *Id.* at 5.

Having reviewed the record in this case, the Court agrees with the Magistrate Judge's findings regarding equitable tolling. Petitioner has not shown that some extraordinary circumstance stood in his way and prevented timely filing of his Petition. *See Holland*, 560 U.S. at 649. The Petition was clearly untimely under § 2244(d).

With respect to Petitioner's claim of innocence, the United States Supreme Court has indeed held that "actual innocence" can be a "gateway" to adjudication of a federal habeas petition. *McQuiggin v. Perkins*, 569 U.S. 383, 401 (2013). The

-8-

Supreme Court has cautioned, however, that the "gateway should open only when a petition presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995)). Here, Petitioner has presented no evidence even approaching this standard.

### III. CONCLUSION

To the extent the Court has not addressed any of the parties' arguments, it has considered them and determined that they would not alter the result. Petitioner's Objections [17] should be overruled, and the Magistrate Judge's Report and Recommendation [15] should be adopted as the finding of the Court. Respondent's Motion to Dismiss [6] should be granted, and Petitioner's Petition for Writ of Habeas Corpus should be dismissed.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Petitioner Jess Lee Green's Objections [17] to the Report and Recommendation [15] of United States Magistrate Judge Linda R. Anderson are **OVERRULED.**

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, the Report and Recommendation [15] of United States Magistrate Judge Linda R. Anderson entered in this case on January 28, 2019, is **ADOPTED** as the finding of the Court.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Respondent Jacquelyn Banks' Motion to Dismiss [6] is **GRANTED**, and the 28 U.S.C. § 2254

Petition for Writ of Habeas Corpus filed by Petitioner Jess Lee Green is **DISMISSED WITH PREJUDICE**.

**SO ORDERED AND ADJUDGED**, this the 13th day of March, 2019.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE